UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No. <u>3:14-cv-02235-JZ</u>
Plaintiff, :
:
vs. :
:
:
BRIAN GREVE, :
:
Defendant. :
:
---------------------------------------------------------------X

**<u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

i

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................2

   A. DEFENDANT WAIVED HIS LACK OF CAPACITY AFFIRMATIVE DEFENSE .......2

   B. ABSENT A WAIVER, DEFENDANT'S ARGUMENT STILL FAILS BECAUSE O.R.C. § 1705.58(A) DOES NOT APPLY TO PLAINTIFF ............................................3

      1. Fed. R. Civ. P. 17(b)(3)(A) Expressly Permits Plaintiffs to Sue to Enforce Federal Rights Without Regard to State Door Closing Statutes. .................................................3

      2. O.R.C. § 1705.58(A) Does Not Apply to Plaintiff Because Plaintiff Does Not Transact Business in Ohio. ............................................................................................................5

         a. Filing a Lawsuit is Not "Transacting Business." .......................................................7

         b. Applying O.R.C. § 1705.58(A) Would Serve No Legitimate Purpose. ....................7

      3. Applying O.R.C. § 1705.58(A) to Bar Plaintiff's Lawsuit Violates the Commerce Clause. .............................................................................................................................7

      4. Applying O.R.C. § 1705.58(A) To Bar Plaintiff's Lawsuit Violates the Petition Clause. .............................................................................................................................8

      5. O.R.C. § 1705.58(A) Does Not Apply to Plaintiff Because it is Preempted By the Copyright Act. .................................................................................................................8

   C. PLAINTIFF'S REGISTRATION TO TRANSACT BUSINESS IN OHIO MOOTS DEFENDANT'S MOTION ...............................................................................................9

      1. Plaintiff's Subsequent Registration Cures the Capacity Issue. ......................................9

III. CONCLUSION ...................................................................................................................11

**TABLE OF AUTHORITIES**

**Cases**

*Allenberg Cotton Co. v. Pittman*, 419 U.S. 20, 40 (1974) ..........7

*Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC*, 2014 WL 1788576 (N.D. Ohio 2014) ..........4, 5

*Auto Driveway Co. v. Auto Logistics of Columbus, et al.*, 188 F.R.D. 262, 265 (S.D. Ohio 1999) ..........6, 10

*Bosl v. First Fin. Invest. Fund I*, 2011-Ohio-1938 ..........6, 7

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)..........9

*Capital City Energy Grp., Inc. v. Kelley Drye & Warren LLP*, 2011 WL 5175617 (S.D. Ohio 2011)..........10

*CDA of America, Inc. v. Midland Life Insurance Co.*, 2001 WL 242574 (S.D. Ohio)..........10

*Citibank N.A. v. City of Burlington*, 971 F. Supp. 2d 414, 436 (D. Vt. 2013) ..........9

*Daniels v. Retired Senior Volunteer Program*, 2006 WL 783438 (S.D. Ohio 2006)..........2

*Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 478 n.2 (6th Cir. 2014)..........10

*Eli Lilly & Co. v. Sav–On–Drugs*, 366 U.S. 276, 279–83, 81 S.Ct. 1316, 1318–20, 6 L.Ed.2d 288 (1961)..........8

*Ferron v. Search Cactus, L.L.C.*, 2007 WL 1792331 (S.D. Ohio 2007) ..........10

*GKP, LLC v. Wells Fargo & Co.*, 2013 WL 5353799 (N.D. Ohio 2013)..........5, 10

*Harvest Credit Mgt. VII, L.L.C. v. Harris*, 2012 WL 112583, 2012-Ohio-80 ..........7

*Issuer Advisory Grp. LLC v. Technical Consumer Products, Inc.*, 2015 WL 458113 (N.D. Ohio 2015)..........4, 6

*Jane Lyons Adver., Inc. v. Cook*, 1998 WL 164775 (D.D.C. 1998) ..........5

*Old Line Life Ins. Co. of Am. v. Garcia*, 2007 WL 4126516 (E.D. Mich. 2007) ..........3

*P.K. Springfield, Inc. v. Hogan*, 86 Ohio App. 3d 764, 771 (1993) ..........10

*Payne v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 698*, 2011 WL 5975236 (E.D. Mich. 2011)..........2

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1974 (2014)..........9

*Premier Capital, L.L.C. v. Baker*, 2012-Ohio-2834, ¶ 29, 972 N.E.2d 1125, 1131 ..........7

*Radio WHKW, Inc. v. Yarber*, 838 F.2d 1439, 1443 (5th Cir. 1988)..........8

*Srock v. United States*, 2006 WL 2460769 (E.D. Mich. 2006) ..........3

*Sta-Rite Indus., LLC v. Preferred Pump & Equip.*, 2008 WL 3874676 (N.D. Ohio 2008)..........5, 10

*Tran Enterprises, LLC v. Dao*, 2010 WL 5092968 (S.D. Tex. 2010) ..........4

*Tri–Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, 2000 WL 282445 (6th Cir. 2000)..........3

*Trustar Funding v. Mruczynski*, 2010 WL 1539759 (N.D. Ohio 2010) ..........10

*Union Brokerage v. Jensen*, 322 U.S. 202, 212, 64 S.Ct. 967, 973, 88 L.Ed. 1227 (1944)..........8

*Whalen v. County of Fulton*, 126 F.3d 400, 406-07 (2d Cir. 1997)..........8

*Zuffa, LLC v. Thomas*, 2012 WL 6617334 (D. Md. 2012)..........4

**Statutes**

17 U.S.C. § 301 ........................................................................................................................... 8
17 U.S.C. § 501(b) ...................................................................................................................... 8

**Other Authorities**

*5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1295 (2d ed.1990)
   ................................................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 17(b)(3) ............................................................................................................... 3
Fed. R. Civ. P. 17(b)(3)(A) ..................................................................................................... 1, 4
Fed. R. Civ. P. 9(a) ..................................................................................................................... 2

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, for the following reasons, hereby requests this Court reconsider its March 5, 2015 Order, which dismisses Plaintiff's Complaint unless the parties reach a settlement by March 20, 2015. [CM/ECF 16].

### I. INTRODUCTION

The Court held a status conference in this case on March 5, 2015—a week after Defendant filed his Motion for Judgment on the Pleadings. Undersigned has since fully briefed the issues presented by Defendant's Motion and respectfully requests that Your Honor reconsider the March 5, 2015 Order in light of the relevant authorities contained herein.

Defendant erroneously asserts that because Plaintiff did not register to transact business in Ohio, it cannot sue. In short, Defendant asserts Plaintiff lacks capacity to sue. Defendant's argument fails for multiple reasons. First, Defendant waived the lack of capacity argument by failing to timely plead it. Second, Defendant's argument would have failed anyway. Indeed, Plaintiff is not required to register to transact business in Ohio because the door closing statute set forth at O.R.C. § 1705.58(A) does not apply to Plaintiff. This indisputable fact is set forth expressly in Fed. R. Civ. P. 17(b)(3)(A), which allows Plaintiff to sue for a federal claim *regardless of its capacity to sue in the forum state*. Put another way, state law door court closing statutes do not apply to suits alleging only federal claims.

Further, the door closing statute, set forth at O.R.C. § 1705.58(A), by its own terms does not apply to Plaintiff. Only parties that "transact business" in Ohio must register in Ohio, and Plaintiff does not "transact business" in Ohio. Instead, Plaintiff's business is located entirely in California.

1

Additionally, the Copyright Act's preemption clause prevents states from adding statutory requirements to bring a claim for copyright infringement. The Copyright Act sets forth the only requirements to bring a copyright claim. Registration to do business in the federal court's forum state is not listed as a requirement. Any state statute that attempts to add an additional requirement is inconsistent with the Copyright Act and therefore preempted by it.

Finally, applying O.R.C. § 1705.58(A) to dismiss Plaintiff's lawsuit would violate the Petition and Commerce clauses of the U.S. Constitution. Nevertheless, and despite all the foregoing, out of an abundance of caution, Plaintiff registered to transact business in Ohio—thereby mooting the issue.

For the foregoing multitude of reasons, as explained more fully below, the Court should reconsider its March 5, 2015 Order and not dismiss Plaintiff's Complaint.

## II. ARGUMENT

### A. **DEFENDANT WAIVED HIS LACK OF CAPACITY AFFIRMATIVE DEFENSE**

"Lack of capacity to [sue or] be sued is recognized as an affirmative defense." *Daniels v. Retired Senior Volunteer Program*, 2006 WL 783438, at *2 (S.D. Ohio 2006). Fed. R. Civ. P. 9(a) states a party must raise an opponent's "capacity to sue or be sued . . . by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge [.]" Accordingly, a party is required "to raise the issue of lack of capacity in the responsive pleading or in a timely Rule 12 motion filed <u>before</u> pleading; otherwise, the issue is waived." *Payne v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 698*, 2011 WL 5975236, at *2 (E.D. Mich. 2011) (emphasis added). In *Payne*, just like here, the defendant brought a 12(c) Motion for Judgment on Pleadings asserting the plaintiff lacked capacity to sue under Fed. R. Civ. P. 17. The court found that because the defendant failed to raise the lack of capacity defense in his

2

answer and affirmative defense, the defendant waived the defense. *Id.*; *see also Srock v. United States*, 2006 WL 2460769, at *3 (E.D. Mich. 2006) (finding lack of capacity argument waived if not raised in a pleading or a motion before pleading); *Tri–Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, 2000 WL 282445 at *5 (6th Cir. 2000) (quoting *5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1295 (2d ed.1990)) ("[A]n objection to capacity . . . should fall within the class of 'threshold defenses'- issues that must be raised and disposed of at the outset of the suit.").

Here, Defendant neither pled that Plaintiff lacked capacity to sue nor raised it in a Rule 12 Motion prior to pleading. Accordingly, Defendant waived the lack of capacity defense. Such a finding is particularly just because the delay prejudiced Plaintiff. *See Old Line Life Ins. Co. of Am. v. Garcia*, 2007 WL 4126516, at *3 (E.D. Mich. 2007) ("[I]f the timeliness of the defense results in unfair prejudice, the general rule of waiver applies.").

As for the prejudice, the Defendant waited to raise the lack-of-capacity defense <u>*until after*</u> answering Plaintiff's Complaint. Had Defendant timely raised the capacity defense, Plaintiff would have moved to strike it. The delay prejudiced Plaintiff because delays increase the already high risk of computer evidence being spoiled.

As explained above, because the capacity defense was untimely, this Court should find Defendant waived it.

### B. <u>ABSENT A WAIVER, DEFENDANT'S ARGUMENT STILL FAILS BECAUSE O.R.C. § 1705.58(A) DOES NOT APPLY TO PLAINTIFF</u>

1. <u>Fed. R. Civ. P. 17(b)(3)(A) Expressly Permits Plaintiffs to Sue to Enforce Federal Rights Without Regard to State Door Closing Statutes.</u>

Defendant's entire argument is premised on the erroneous belief that Plaintiff's "capacity to sue is governed by Ohio law." *See* Motion, p. 4. Defendant cites Fed. R. Civ. P. 17(b)(3),

3

which states, *in part*: "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located[.]" Yet, Defendant ignores Fed. R. Civ. P. 17(b)(3)(A), which states: "*except* that [ ] a partnership or other unincorporated association with no such capacity under that state's law *may sue* or be sued in its common name *to enforce a substantive right existing under the United States Constitution or laws* [.]" Fed. R. Civ. P. 17(b)(3)(A).

Plaintiff easily satisfies both parts of Rue 17(b)(3)(A). First, as Defendant's own case points out, an LLC is defined as an "unincorporated association" for purposes of Rule 17. *See Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC*, 2014 WL 1788576, at *1 (N.D. Ohio 2014) ("Alpha is an unincorporated association because it is a limited liability company . . . [.]"); *see also Issuer Advisory Grp. LLC v. Technical Consumer Products, Inc.*, 2015 WL 458113, at *4 (N.D. Ohio 2015) (same). Second, Plaintiff's lawsuit is exclusively based on a substantive right existing under the laws of the United States—the Copyright Act. Therefore, Plaintiff's suit is expressly permitted by Fed. R. Civ. P. 17(b)(3)(A).

This is not an issue of first impression, all of the district courts that have considered this issue have applied 17(b)(3)(A) to permit a foreign LLC's copyright suit to proceed regardless of whether the plaintiff complied with the state door closing statute. For example, in *Tran Enterprises, LLC v. Dao*, 2010 WL 5092968, at *4, n. 16 (S.D. Tex. 2010), the court found that the California statute requiring an LLC to register before suing in California *did not* prevent the LLC-plaintiff from bringing a copyright lawsuit in California federal court because Rule 17(b)(3)(A) expressly "permits unincorporated associations to sue in federal court to enforce a federal right *regardless of their capacity to sue in the forum state*." Likewise, in *Zuffa, LLC v. Thomas*, 2012 WL 6617334, at *2 (D. Md. 2012), the court held, "[b]ecause] Plaintiff is an LLC, the Court need not address whether [Plaintiff] has capacity to sue under Maryland law and must

4

only consider whether it has sued to enforce a substantive right existing under federal law. The answer to this question is yes. Plaintiff has asserted antipiracy and copyright claims under federal law. Accordingly, Defendants' argument that Plaintiff lacks capacity to sue in this Court fails as a matter of law." See also *Jane Lyons Adver., Inc. v. Cook*, 1998 WL 164775, at *4 (D.D.C. 1998) (refusing to apply the state registration statute to a claim brought under the Copyright Act, and noting "this court is not sitting in diversity and therefore is under no obligation to apply the District's door closing statute.").

Defendant, here, entirely ignores Rule 17(b)(3)(A) and instead relies on distinguishable cases that involve state—not federal—claims:

- *Alpha Waste Sys., LLC v. Res. Reclamation Toledo, LLC*, 2014 WL 1788576 (N.D. Ohio 2014) – this involved a contract dispute, not federal claims. See Motion, at p. 4.

- *GKP, LLC v. Wells Fargo & Co.*, 2013 WL 5353799 (N.D. Ohio 2013) – this involved state tort and contract claims, not federal claims. See Motion, at p. 6.

- *Sta-Rite Indus., LLC v. Preferred Pump & Equip.*, 2008 WL 3874676 (N.D. Ohio 2008) – this involved contract claims, not federal claims. See Motion, at p. 5.

   2. O.R.C. § 1705.58(A) Does Not Apply to Plaintiff Because Plaintiff Does Not Transact Business in Ohio.

Even if Defendant had not waived the argument and Rule 17(b)(3)(A) did not expressly authorize Plaintiff to sue for its federal claim, by its own terms, O.R.C. § 1705.58(A) does not apply to Plaintiff because Plaintiff does not "transact business" in Ohio. Indeed, "[i]t is well-recognized [ ] that a foreign corporation transacts business within a state when 'it has entered the state by its agents and is therefore engaged in carrying on and transacting through them some substantial part of its ordinary or customary business, usually continuous in the sense that it may be distinguished from merely casual, sporadic, or occasional transactions and isolated acts.'"

5

*Bosl v. First Fin. Invest. Fund I*, 2011-Ohio-1938, ¶ 18 (quoting *Auto Driveaway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262, 265, (S.D. Ohio 1999)).

Here, Plaintiff has not "entered the state by its agents" and does not "transact[ ] through them" any part of its "ordinary or customary business." *Id*. First, Plaintiff has only two agents in the state of Ohio—undersigned counsel and CT Corporation. Neither do anything for Plaintiff's "ordinary and customary" business of running a subscription website. Undersigned is serving Plaintiff as its copyright litigation attorney. CT Corporation is a registered agent who is only authorized to accept service of process. Plaintiff has never "transacted business" through either agent.

Second, Plaintiff's "ordinary and customary" business is located entirely in California. Plaintiff transacts no part of this business in Ohio. Indeed, Plaintiff's business is the operation of a subscription-based website, X-Art.com, which displays the high-quality adult content created by Plaintiff's founders, Brigham and Colette Field. *See* Declaration of Colette Field, at ¶ 4, 9, attached hereto as Exhibit "A." Plaintiff's business operations, namely its headquarters, offices, and employees are located entirely in California. *Id*., at ¶ 6. Plaintiff has never had an office or employee in Ohio. Plaintiff does not advertise, solicit business, or in any way target Ohio. *Id*. at ¶ 7-8. And, of the scores of thousands of X-Art subscribers worldwide, only 317 reside in Ohio—less than one percent of all subscribers. *Id*. at ¶ 10. No part of Plaintiff's California-based business is "transacted" in Ohio. Thus, by its own terms, O.R.C. § 1705.58(A) does not apply to Plaintiff. Nevertheless, if there is any doubt on this point, Plaintiff is entitled to a factual investigation of its business activities. *See Issuer Advisory Grp. LLC v. Technical Consumer Products*, Inc., 2015 WL 458113, at *5 (N.D. Ohio 2015) (determining if a company transacts business in Ohio "requires a fact-intensive consideration of the company's business

6

operations.").

### a. *Filing a Lawsuit is Not "Transacting Business."*

Filing a lawsuit in Ohio is not "transacting business" in Ohio. "The courts of this jurisdiction, in determining the extent of activities that constitute 'transacting business,' have excluded filing a law suit." *Harvest Credit Mgt. VII, L.L.C. v. Harris*, 2012 WL 112583, 2012-Ohio-80, ¶ 10.; *see also Premier Capital, L.L.C. v. Baker*, 2012-Ohio-2834, ¶ 29, 972 N.E.2d 1125, 1131 (finding a company that filed a lawsuit to collect a debt was not "transacting business"). Moreover, the number of lawsuits filed does not operate to qualify Plaintiff's legal activities as "transacting business." *See Bosl v. First Fin. Invest. Fund I*, 2011-Ohio-1938, ¶ 17(finding the use of a domestic law firm for a debt collection lawsuit was not "transacting business"—even though plaintiff filed 28 lawsuits in Ohio courts). Therefore, that Plaintiff has filed multiple copyright lawsuits in this District does not bring Plaintiff's activities within the gamut of O.R.C. § 1705.58(A).

### b. *Applying O.R.C. § 1705.58(A) Would Serve No Legitimate Purpose.*

The purpose of door closing statutes such as O.R.C. § 1705.58(A) is to protect the state and its citizens by ensuring foreign corporations operating within the state pay state taxes and are susceptible to service of process. *See Allenberg Cotton Co. v. Pittman*, 419 U.S. 20, 40 (1974). Neither purpose is served by applying O.R.C. § 1705.58(A) to Plaintiff. Merely filing a lawsuit is not operating within the state. Further, a Plaintiff that files a federal suit in Ohio does not need to be served by the Defendant with formal process. Service occurs through CM/ECF.

### 3. Applying O.R.C. § 1705.58(A) to Bar Plaintiff's Lawsuit Violates the Commerce Clause.

Since Plaintiff's business activities are entirely interstate in nature, requiring Plaintiff register to transact business under O.R.C. § 1705.58(A) would violate the Commerce Clause.

7

"Where the business of the foreign corporation is *interstate* in nature, a state may not burden such business with state qualification requirements unless the business [ ] includes a distinct and separable *intrastate focus* [*or localization*.]" *Radio WHKW, Inc. v. Yarber*, 838 F.2d 1439, 1443 (5th Cir. 1988) (emphasis added). *See also Eli Lilly & Co. v. Sav–On–Drugs*, 366 U.S. 276, 279–83, 81 S.Ct. 1316, 1318–20, 6 L.Ed.2d 288 (1961) (requiring intrastate focus); *Union Brokerage v. Jensen*, 322 U.S. 202, 212, 64 S.Ct. 967, 973, 88 L.Ed. 1227 (1944) (requiring localization).

4. Applying O.R.C. § 1705.58(A) To Bar Plaintiff's Lawsuit Violates the Petition Clause.

Applying O.R.C. § 1705.58 to bar plaintiff's suit would violate the Petition Clause of the U.S. Constitution. The filing fees to bring a federal lawsuit are $400 as set forth in 28 U.S.C. § 1914. Ohio's door closing statute is a tax on access to courts. It is unreasonable for states to tax entry into federal courts for federal claims. Since the tax imposes an unreasonable restriction on the access to federal courts, it violates the Petition Clause. *See Whalen v. County of Fulton*, 126 F.3d 400, 406-07 (2d Cir. 1997) ("The constitutional right of access [to the courts] is violated where government officials obstruct legitimate efforts to seek judicial redress.").

5. O.R.C. § 1705.58(A) Does Not Apply to Plaintiff Because it is Preempted By the Copyright Act.

The Copyright Act's preemption clause prevents states from adding statutory requirements to a claim for copyright infringement. Indeed, the Copyright Act sets forth the only requirements to bring a copyright claim. *See* 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."); *see also* 17 U.S.C. § 301 (the preemption clause). Nothing in the Copyright Act

requires a copyright holder be licensed to transact business in the district where it seeks to enforce its copyrights. Registering the copyright is a condition precedent; registering to transact business in the forum state is not. If erroneously applied, Ohio's registration statute would impose an additional requirement on foreign LLCs, such as Plaintiff. Since this is inconsistent with the Copyright Act; therefore, Ohio statute is preempted. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1974 (2014) (recognizing the Copyright Act preempts the field for copyright claims so as to negate the applicability of inconsistent state statutes, claims, doctrines, and defenses); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) ("[T]he complete preemption doctrine [extends] to any federal statute that both preempts state law and substitutes a federal remedy for that law… The Copyright Act does just that."); *see also*, *e.g.*, *Citibank N.A. v. City of Burlington*, 971 F. Supp. 2d 414, 436 (D. Vt. 2013) ("Vermont may not require a national bank to register as a foreign corporation before it maintains a lawsuit in a court within the state; such requirements plainly conflict with [the federal statute allowing banks to "sue and be sued, complain and defend, in any court of law and equity"], and are therefore preempted.").

C. **PLAINTIFF'S REGISTRATION TO TRANSACT BUSINESS IN OHIO MOOTS DEFENDANT'S MOTION**

Assuming *arguendo* Plaintiff's was required to register under O.R.C. § 1705.58(A), the issue is now moot. On February 19, 2015, in light of similar Motions by Defendant's counsel and out of an abundance of caution, Plaintiff registered as a foreign limited liability company. *See* Entity Registration, attached hereto as Exhibit "B." Plaintiff's entity number is 2367677. *Id.* By filing this registration, Plaintiff has cured any purported defect.

1. Plaintiff's Subsequent Registration Cures the Capacity Issue.

The Sixth Circuit permits curing a capacity issue during litigation: "[a]ssuming [the

9

party] does have a capacity issue, if it becomes current in its state-law filings, then it may be able to cure the deficiency." *Davis v. Lifetime Capital, Inc.*, 560 Fed. Appx. 477, 478 n.2 (6th Cir. 2014). "This Court should not dismiss the present case because Defendant has already complied with the state's registration requirement for foreign limited liability companies. The very basis of Plaintiff's motion to dismiss, in other words, is moot." *Ferron v. Search Cactus, L.L.C.*, 2007 WL 1792331, at *3 (S.D. Ohio 2007). "[D]ismissal of an action brought by an unlicensed corporation is less equitable and more costly than simply allowing the corporation to register and possibly pay a fine before continuing with the action." *Trustar Funding v. Mruczynski*, 2010 WL 1539759 (N.D. Ohio 2010), *report and recommendation adopted*, (N.D. Ohio 2010)). *See also*, *e.g.*, *Capital City Energy Grp., Inc. v. Kelley Drye & Warren LLP*, 2011 WL 5175617, at *4 (S.D. Ohio 2011) (interpreting Ohio law to find that lack of capacity can be cured during pendency of the proceeding, even if filed after motion to dismiss); *Auto Driveway Co. v. Auto Logistics of Columbus*, *et al.*, 188 F.R.D. 262, 265 (S.D. Ohio 1999) (staying, but not dismissing, case in order to allow plaintiff to comply with corporate licensing statute); *P.K. Springfield, Inc. v. Hogan*, 86 Ohio App. 3d 764, 771 (1993) (capacity defense may become moot).

The cases where the court found that subsequent registration did not cure the plaintiff's lack of capacity are distinguishable because the court found judicial economy was best served by dismissing the case. *See*, *e.g.*, *Alpha Waste Sys. LLC v. Res. Reclamation Toledo, LLC*, 2014 WL 1788576 (N.D. Ohio 2014); *Sta-Rite Indus., LLC v. Preferred Pump & Equip.*, 2008 WL 3874676 (N.D. Ohio 2008) (same); *CDA of America, Inc. v. Midland Life Insurance Co.*, 2001 WL 242574 (S.D. Ohio) (same); *GKP, LLC v. Wells Fargo & Co.*, 2013 WL 5353799 (N.D. Ohio 2013) (same).

Here, judicial economy would not be served by dismissing this case. Unlike the above

cases, Plaintiff's copyright lawsuit is expressly authorized by Fed. R. Civ. P. 17(b)(3)(A); thus, there is no concern that judgment in this case would later be rendered invalid. Further, Defendant's Motion has been filed in at least eight cases across two Judicial Districts—all at different stages of litigation. Dismissal would be an administrative nightmare. Indeed, in some of these cases, the parties have already participated in hearings before this Court and Plaintiff has already propounded discovery. Hitting the reset button would not further the interests of judicial economy; it would unnecessarily multiply the proceedings at great cost to both parties and this Court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's respectfully requests this Court reconsider its March 5, 2015 Order [CM/ECF 16] and not dismiss Plaintiff's case.

DATED: March 20, 2015

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax:(614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

 /s/ *Yousef M. Faroniya*

## CERTIFICATE OF COMPLIANCE

    I hereby by certify that the above-captioned cases have been assigned to a standard track, and the foregoing memorandum complies with L.R. 7.1.

                                                                                 /s/ *Yousef M. Faroniya*